UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK DONTAY GRAYSON,<br><br>               Plaintiff,<br><br>     v.<br><br>LAURA PEREZ,<br><br>               Defendant. | Case No.: 1:24-cv-00311-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>**30-DAY DEADLINE** |

Plaintiff Erick Dontay Grayson is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

Plaintiff filed a complaint on March 14, 2024, and submitted an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner. (Docs. 1, 2.)

In his IFP application, Plaintiff states he is unable to pay the filing fee, he is not employed, and he does not receive any money from a business, profession or self-employment, rent payments, interest or dividends, pensions, annuities or life insurance payments, disability or workers' compensation payments, gifts or inheritance, or from "[a]ny other sources." (Doc. 2 at 1-2.) Plaintiff also denies having any cash or owning any real estate, stocks, bonds, security or other financial instruments, automobiles or other valuable property. (*Id*.) He denies having "any other assets." (*Id.*) Plaintiff's IFP application includes a copy of an Inmate Statement Report

dated July 7, 2024, reflecting an available balance of $20.64. (*Id*. at 3-4.) It also includes a Certificate purportedly completed and signed by an authorized officer at the California Mens Colony on March 11, 2024, reflecting an average monthly balance of $20.64 and average monthly deposits of $150 for the previous six months. (*Id*. at 2.)

**II.    DISCUSSION**

A review of Plaintiff' IFP application and the Inmate Statement Report requested by and provided to the Court on March 15, 2024 (*see* Doc. 5), reveals discrepancies that must be accounted for.

Plaintiff states he does not receive any gifts or any money from "[a]ny other sources." However, the Inmate Statement Report for the period between September 1, 2023 and March 15, 2024, lists numerous "JPAY" entries with deposits totaling $1,395. Monies provided to Plaintiff via JPAY should be disclosed and explained. *See, e.g*., Hill v. Lynch. No. 2:22-cv-0686 AC P, 2023 WL 4187802, at *1-2 (E.D. Cal. June 26, 2023) (plaintiff's trust account statement claiming to have "received no money from any source over the past twelve months was not accurate" where the statement shows "he received hundreds of dollars in deposits to his trust account" via JPAY); *Sloan v. Cisneros*, No. 1:21-cv-0477-EPG (PC), 2021 WL 5240280, at *1 (E.D. Cal. Oct. 7, 2021) ("The Court also notes that Plaintiff was not forthcoming on his application to proceed in forma pauperis. … he conspicuously failed to state whether he received income from '[a]ny other source' in the last twelve months. Based on Plaintiff's trust account statement, in the last six months alone Plaintiff received an economic impact payment as well as funds through JPAY on four separate occasions, with the average deposit from JPAY being $200").  Plaintiff will be required to explain the eighteen[1] JPAY entries deposited into his account within the previous six months.

Plaintiff is advised this Court may take into consideration purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th

---

[1] 9/7/23 (two deposits - $100, $50); 11/12/23 (one deposit - $100); 11/25/23 (three deposits- $100, $50, $50); 12/13/23 (one deposit - $50); 12/14/23 (one deposit - $100); 12/30/23 (two deposits - $200, $50); 1/18/24 (two deposits - $50, $50); 2/11/24 (three deposits: $50, $50, $50); 2/24/24 (one deposit - $65); 2/27/24 (one deposit - $150); 3/6/24 (one deposit - $50).

2

Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"). The Court notes Plaintiff made six purchases within the previous six months totaling $1,244.04. Plaintiff will be directed to provide further information concerning the six[2] "SALES" entries reflected on his Inmate Statement Report for the period between September 1, 2023, and March 15, 2024.

In sum, Plaintiff's IFP application and the March 15, 2024, Inmate Statement Report do not establish that he is entitled to IFP status. Plaintiff must explain why the JPAY deposits during the relevant period were not disclosed on his IFP application and why the Court should find he is unable to pay the required filing fee. Plaintiff must also provide additional information concerning the SALES entries during the same period to allow for the Court's consideration of his economic choices.

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff **SHALL** show cause in writing, **within 30 days** of the date of service of this order, why his IFP application should not be denied. Specifically, Plaintiff **SHALL** (1) explain the eighteen JPAY entries appearing on his Inmate Statement Report, and (2) provide additional information concerning the six SALES entries appearing on his Inmate Statement Report; **or**

2. In the alternative, Plaintiff may pay the required $405 filing fee.

//

//

//

---

[2] Sales purchases: 9/13/23 - $163.44; 11/25/23 - $152.45; 12/14/23 - $239.95; 1/10/24 - $222.90; 2/14/24 - $225.35; 3/13/24 - $239.95.

3

**Plaintiff is advised that a failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **March 18, 2024**                    /s/ *Sheila K. Oberto*                    
                                               UNITED STATES MAGISTRATE JUDGE